IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT GREENEVILLE

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

    **Plaintiff,**

v.                        No._____
                          Judge:_____
HARDWOOD SPECIALTIES, INC.,
SHANNON GREENE and JANICE
GREENE,

    **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, Philadelphia Indemnity Insurance Company, and for its Complaint against Defendants, would state and show as follows:

1. Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") is a Pennsylvania corporation with its principal place of business located in Bala Cynwyd, Pennsylvania, and duly qualified to do business in Tennessee.

2. Defendant Hardwood Specialties, Inc. is a Tennessee corporation with its principal place of business in Hamblen County, Tennessee, and may be served with process through its registered agent Christopher Capps, 400 W. Main Street, Suite 201, Morristown, Tennessee 37814.

3. Defendants Shannon Greene and Janice Greene, husband and wife, are residents and citizens of Jefferson County, Tennessee and may be served with process at their residence located at 200 Courtney Road, Talbott, Tennessee.

4. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between

citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Defendants reside.

6. Plaintiff PIIC issued its Commercial Lines Policy of Insurance, policy number PHPK1590572 (copy attached as **Exhibit A**), to Defendant Hardwood Specialties, Inc. with effective dates of January 1, 2017 through January 1, 2018. This policy was in full force and effect at all times pertinent to this action.

7. On or about November 29, 2018, a Complaint for damages ("the underlying suit") was filed in the Chancery Court of Hamblen County, Tennessee by Defendants Shannon and Janice Greene against Defendant Hardwood Specialties, Inc, seeking compensatory damages which discovery in that matter has shown to exceed $75,000.00. The Complaint bears the docket number 2018 CV 522, and a copy is attached hereto as **Exhibit B**.

8. The underlying suit alleges that Defendant Hardwood Specialties, Inc. contracted with Defendants Shannon and Janice Greene to provide and install hardwood floors which were deficient and improperly installed.

9. Defendant Hardwood Specialties, Inc. demanded that Plaintiff PIIC provide a defense and coverage for the underlying suit.

10. Plaintiff PIIC contends and asserts that it has no duty under its Commercial Lines Policy, policy number PHPK1590572, to defend and/or indemnify Defendant Hardwood Specialties, Inc. under the facts alleged in the underlying suit. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

11. The policy of insurance states in part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

  **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

  **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; ...

. . .

2. **Exclusions**

   This insurance does not apply to:
   . . .

   **b. Contractual Liability**

   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   **(1)** That the insured would have in the absence of the contract or agreement; or

   **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

   **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

   **(b)** Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

   . . .

   **j. Damage To Property**

   "Property damage" to:
   . . .

   **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . .

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

. . .

**SECTION V – DEFINITIONS**

. . .

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

   . . .

   **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
   . . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

16. "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession; or

    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all of the work called for in your contract has been completed.

    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
   . . .

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

   **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.
. . .

21. "Your product":

   **a**. Means:

   **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   **(a)** You;

   **(b)** Others trading under your name; or

      **(c)** A person or organization whose business or assets you have acquired; and

  **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

  **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

  **(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

**a.** Means:

  **(1)** Work or operations performed by you or on your behalf; and

  **(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes

  **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

  **(2)** The providing of or failure to provide warnings or instructions.

. . .

12. Plaintiff PIIC contends and asserts that it owes no duty to defend or indemnify Defendant Hardwood Specialties, Inc. in the underlying suit as there are no allegations of "property damage" as defined by the policy.

13. Plaintiff PIIC contends and asserts that it owes no duty to defend or indemnify Defendant Hardwood Specialties, Inc. in the underlying suit on the basis that the alleged damages are excluded by Exclusion b., Contractual Liablity, of PIIC's policy.

14. Plaintiff PIIC contends and asserts that it owes no duty to defend or indemnify Defendant Hardwood Specialties, Inc. in the underlying suit on the basis that the alleged damages are excluded under Exclusion j., Damage to Property, of PIIC's policy.

15. Plaintiff PIIC contends and asserts that it owes no duty to defend or indemnify Defendant Hardwood Specialties, Inc. in the underlying suit on the basis that the alleged damages are excluded under Exclusion k., Damage to Your Product, of PIIC's policy.

16. Plaintiff PIIC contends and asserts that it owes no duty to defend or indemnify Defendant Hardwood Specialties, Inc. in the underlying suit on the basis that the alleged damages are excluded under Exclusion m., Damage to Impaired Property or Property Not Physically Injured, of PIIC's policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Philadelphia Indemnity Insurance Company prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendant Hardwood Specialties, Inc. in the underlying suit;

4. For a declaration that Plaintiff is not obligated to provide indemnity under the policy of insurance on behalf of Defendant Hardwood Specialties, Inc. in the underlying suit;

5. For the costs of this cause; and

6. For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.


By:     s/ Bradford D. Box
         BRADFORD D. BOX (#016596)
         JONATHAN D. STEWART (#023039)
         *Attorneys for Plaintiff*
         209 E. Main Street
         P.O. Box 1147
         Jackson, TN 38302!1147
         (731) 423-2414